**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Fredie Antonio FLORES–PRIETO, also known as Anthony Freddie Florez, also known as Fred Antonio Flores–Prieto, Defendant–Appellant.**

No. 10–50660
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 15, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, Elizabeth Berenguer, Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Fredie Antonio Flores–Prieto (Flores) appeals his 41–month sentence for being

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

illegally present in the United States following removal. Flores challenges the substantive reasonableness of his within-guidelines sentence, arguing that it is greater than necessary to meet the sentencing goals set forth in 18 U.S.C. § 3553(a) and does not adequately account for his personal history and characteristics, and that the El Paso Division of the Western District of Texas does not offer a "fast-track" program that would have made him eligible for a more lenient sentence. He contends that his sentence is not entitled to a presumption of reasonableness because the illegal reentry guideline, U.S.S.G. § 2L1.2, lacks an empirical basis.

We review the substantive reasonableness of Flores's sentence for an abuse of discretion. *United States v. Delgado–Martinez,* 564 F.3d 750, 751 (5th Cir.2009). As Flores concedes, his "fast-track" and empirical data arguments are foreclosed by our precedent. *See United States v. Gomez–Herrera,* 523 F.3d 554, 563 (5th Cir.2008) (challenging the lack of a "fast-track" program); *United States v. Duarte,* 569 F.3d 528, 530–31 (5th Cir.), *cert. denied* —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009) (challenging the lack of empirical support for U.S.S.G. § 2L1.2). Flores's disagreement with the district court's balancing of the § 3553(a) factors is insufficient to show error in connection with his sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir.2010) (per curiam). He has not established that his within-guidelines sentence is unreasonable or that it should not be accorded a presumption of reasonableness. *See United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.2008).

The judgment of the district court is AFFIRMED.